USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10-3-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, AND APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, ET AL.,

          Petitioners,

- against -

LLF CONSTRUCTION SERVICES, INC.,

          Respondent.

18-cv-5416 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The petitioners – Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation (the "Funds"), and the New York City District Council of Carpenters (the "Union") – seek to confirm an arbitration award under section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), as amended, 29 U.S.C. § 185. The award was rendered pursuant to a collective bargaining agreement (the "CBA") involving the Union and the respondent, LLF Construction Services, Inc. The respondent was, at relevant times, an employer within the meaning of section

3(5) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(5), and of section 501 of the LMRA, 29 U.S.C. § 142.

I.

The underlying dispute arose after the petitioners conducted an audit of the respondent and found that the respondent failed to remit to the Funds all contributions required under the CBA. Pet. ¶ 16. The petitioners initiated arbitration pursuant to the CBA's arbitration clause. Id. ¶ 17. In a May 17, 2018, Opinion and Default Award, the arbitrator found that the respondent violated the CBA and ordered the Respondent to pay the Funds $22,132.29. Pet. Ex. E at 3. The arbitrator also found that interest would accrue at the rate of 5.75 percent from the date the award was issued. Id. On June 15, 2018, the petitioners timely filed this petition to confirm the arbitration award. The petitioners additionally request $585 in attorneys' fees and costs associated with this petition, and postjudgment interest at the rate provided under 28 U.S.C. § 1961(a).

Despite being served with the petitioners' petition, the respondent has not responded. On August 31, 2018, the petitioners requested that the Court treat the petition as an unopposed motion for summary judgment. Dkt. No. 10. The Court provided the respondent until September 20, 2018, to respond to

the petition, at which time the Court would decide the petition based on the papers submitted by the petitioner. Dkt. 11. The respondent did not respond. The petition is **granted**.

II.

A district court's role in reviewing an arbitration award is extremely limited. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 36. The Court instructed that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." Id. (quoting United Steelworkers, 363 U.S. at 596). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. United States Steel & Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985).

However, the Second Circuit Court of Appeals has explained that a default judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is

3

generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself. . . . [T]he petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also N.Y.C. Dist. Council of Carpenters v. Reilly Partitions, Inc., No. 18cv1211, 2018 WL 2417849, at *2 (S.D.N.Y. May 29, 2018).

In this case, the arbitrator's award was not the arbitrator's "own brand of industrial justice." See Misco, 484 U.S. at 36 (quoting United Steelworkers, 363 U.S. at 596). The arbitrator found that uncontroverted testimony and evidence

4

established that the respondent was bound by the CBA, that the petitioners' audit was allowed by the CBA, and that the respondent was delinquent under the CBA and obligated to pay delinquency assessment and interest, plus other costs associated with the delinquency and with arbitration. Pet. Ex. E at 2-3. Based on the limited review that is appropriate of an unopposed petition to confirm an arbitration award, the Court finds that there is no genuine dispute of material fact and that the petitioners' petition should be confirmed.

The petitioners also request attorneys' fees in the amount of $510 - for 1.8 hours of services rendered[1] - and $75 in service fees arising out of this petition. See Pet. ¶¶ 23-30 & Ex. F. Article XVI, § 11 of the CBA provides for reasonable attorneys' fees in the event that the petitioners institute, and obtain a favorable judgment in, court proceedings for delinquent contributions. Pet. Ex. B at 44-45. Moreover, the petitioners' $585 total request is reasonable. See Reilly Partitions, No. 2018 WL 2417849 at *3 (approving of attorneys' fees for 4.1 hours of work by an "Of Counsel" attorney at $250 per hour and legal assistants at $90 per hour, and of $475 for filing and service fees); see also Abondolo v. H. & M. S. Meat Corp., No. 07cv3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)

---

[1] An associate spent 1.6 hours on this matter at an hourly rate of $275; an attorney holding an "Of Counsel" position spent .2 hours on this matter at a $350 hourly rate. Pet. Ex. F.

5

("[C]ourts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.") (collecting cases).

The petitioners are also entitled to postjudgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (citing 28 U.S.C. § 1961(a)).

## CONCLUSION

The petitioners' petition to confirm their arbitration award is **granted.** The Clerk of Court is directed to enter judgment granting the petition to confirm the arbitration award in the amount of $22,132.29, with interest accruing at a 5.75 percent rate as of May 17, 2018, until the date of judgment. The Clerk is also directed to include in the judgment in favor of the petitioner and against the respondent the amount of $585 in attorneys' fees and costs. Postjudgment interest on the entire amount of the judgment will accrue from the date of the judgment

at the rate provided by 28 U.S.C. § 1961(a). Finally, the Clerk is directed to close this case and to close all pending motions.

**SO ORDERED.**

**Dated:**     **New York, New York**
           **October 3, 2018**

                                                  John G. Koeltl
                                      **United States District Judge**